Hash, C. J.
 

 This is a controversy between the creditors of Salmon Strong. The bill charges, that one Isaac Roberts being the owner of an improved lot in the town of Clinton, and seven acres of land, contracted with Salmon Strong to sell these pieces of land to him for the-sum of two thousand dollars, and gave him a bond to make title when the purchase money should be paid. Salmon Strong being indebted to the companies of Johnston and Chesnut, and Hubbard and others, and being in failing circumstances, to secure the payment
 
 *121
 
 of said debts, conveyed to the plaintiff Carroll, in trust, certain personal chattels, and also all his right, title and interest and estate in, and to the aforesaid improved lot in Clinton. This deed was executed and delivered on 17th of May, 1848, and was proved and registered.
 

 The bill then charges, that the defendants had full, positive and explicit knowledge of this assignment, and full notice of the deed of trust. It then charges, that the defendants, by collusion with Salmon Strong, did procure from the said Isaac Eoberts, a deed in fee simple to themselves, of the premises. This deed bears date 12th September, 1848. The plaintiffs then allege, that they offered to pay to the defendants the balance of the purchase money, and demanded a conveyance: or, if the defendants preferred, offered to release to them, upon the payment of the balance of the trust debts, which was declined. The bill prays that the defendants may be declared trustees for the plaintiffs, and that they may be compelled to a specific performance of the contract between Salmon Strong and Eoberts, or to pay the claims of the plaintiffs.
 

 The defendants answer, that they wore merchants in the town of Clinton, and Salmon Strong owed them as such. Being in failing circumstances, in order to secure what was then due, and to procure other supplies, he proposed to sell to them the improved lot in the town of Clinton, at the price of $1650, to be paid for by the defendants in what was due them, and they to pay the residue of the purchase money to Eoberts, (he, the said Strong, having made several payments to Eoberts,) and the remainder of the price agreed upon, they were to pay, by supplies, to the said Strong, as he might require. In pursuance of this agreement, the bond of Isaac Eoberts was surrendered to the defendants, and they went on to make advancements to Strong down to May, 1848, when, hearing that a deed of trust had been made by Strong to the plaintiff Carroll, for the benefit of the plaintiffs, they called upon Carroll to ascertain the fact, when they were told by him “ if anything of the kind existed it was upon record.”
 
 *122
 
 The said conveyance was not registered until the 4th day of July, 1848. The answers further allege, that the defendants paid to Isaac Roberts the sum of $1215, being the balance due him from Strong, and took a conveyance from him of the improved lot. The defendants further allege, that it was part of the agreement between them and Strong that Josiah Johnston, one of the defendants, should become a surety for him in a note to one Faison for $90, which was done: defendants deny all knowledge of the conveyance to the plaintiff Carroll, until it was registered.
 

 If the plaintiffs had, as they ought to have done, placed 'their deed to Carroll upon the register’s book, at the time it was executed, the case would simply have been one of a double trust, and if any unnecessary delay had taken place in the plaintiff Carroll’s not closing his trust, the defendants would have had a right to hasten him, as they wordd, in that case have had a clear interest in whatever remained after discharging the Carroll trust. The plaintiffs’ trust was not registered until the 4th day of July, 1848. Deeds of trust and mortgages take effect, as against creditors, only from their registration.: Rev. Stat. ch. 37, sec. 24. The defendants deny all knowledge of the Carroll deed until July 4th, when its registration was notice to all the world. Prior to this time, however, Strong had contracted debts with the defendants, and the agreement set forth in the answer was entered into. The defendants, under their agreement with Strong, supplied him with such articles as he required, and also paid the balance due from Strong to Roberts. The plaintiffs, by their deed, acquire nothing but an equitable right, the legal title being in Roberts. By their agreement with Strong, made while in ignorance of the equity of plaintiffs, the defendants acquired an equitable interest in the property in dispute, quite equal to that of the plaintiffs. In
 
 Baggarly
 
 v.
 
 Gaither,
 
 2 Jones’ Eq. Rep. 80, it is declared by the Court that a party so situated may protect himself by procuring the legal title: that “ the latter purchaser, or incumbrancer, on payment of his money becomes an honest claimant in Equity, and is entitled,
 
 *123
 
 if he cait, to protect his claim” — Adams 330. That case decides the present: the defendants had'a right to clothe themselves with the legal title. The equities being equal, this Court will not interfere.
 

 Pee Curiam. The hill is dismissed.